FILED
JAN 1 2 2022
CLERK'S OFFICE
CIVIL DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

**NO.** 2022-0352 **SECTION** 14 **DIVISION** F

**LISHA C. THOMAS, et al.**

**VERSUS**

**AMERICAN AUTOMOBILE INSURANCE COMPANY, et al.**

**FILED:** ______________________ ______________________
**DEPUTY CLERK**

**PETITION FOR DAMAGES**

**COMES NOW** Petitioners. Lisha Thomas, Samantha Thomas, and Shaundreika Shorty, the wrongful death beneficiaries of Petitioner-Decedent **SAM THOMAS** (a/k/a Sam Carter Thomas), by and through the undersigned counsel, who respectfully represents as follows:

1. Made Petitioners herein are:

A. **LISHA C. THOMAS,** an adult resident citizen of the State of Louisiana, Parish of Terrebonne, and the surviving spouse and statutory survivor of Sam Thomas, deceased. Petitioner, Mrs. Lisha C. Thomas and Petitioner-Decedent Sam Thomas were married on September 23, 1998 and were married through his date of death.

B. **SAMANTHA THOMAS**, natural daughter and statutory heir of Petitioner-Decedent Sam Thomas, whom is an adult resident citizen of the State of Louisiana, Parish of St. James.

C. **SHAUNDREIKA SHORTY**, natural daughter and statutory heir of Petitioner-Decedent Sam Thomas, whom is an adult resident citizen of the State of Louisiana, Parish of St. James.

2. These Petitioners substitute in the stead of the late Sam Thomas as his heirs, legal successors, and survivors for the purpose of pursuing a survival action on his behalf to the **full** extent of Louisiana law, including, without limitation, Article 2315.1 of the Louisiana Civil Code, and additionally state a wrongful death cause of action.

3. Made Defendants herein are the following, either foreign corporations licensed to do and doing business in the State of Louisiana or domestic corporations licensed to do and doing business in the State of Louisiana, or are individuals that are liable unto the Petitioner (also referred to as Plaintiff herein), for the claims asserted herein:

**ASBESTOS MANUFACTURERS /EQUIPMENT MANUFACTURERS/CONTRACTORS/SELLERS/ SUPPLIERS/ DISTRIBUTORS**

A. **EAGLE INC.;**
B. **TAYLOR-SEIDENBACH, INC.;**



EXHIBIT A

C. UNION CARBIDE CORPORATION

**EMPLOYER/PREMISE OWNER**

D. **GODCHAUX-HENDERSON SUGAR CO, INC. an inactive Louisiana corporation domiciled last domiciled at 601 Poydras Street, New Orleans, LA 70130.**

C. LAFARGE CONCRETE LOUISIANA

D. **NGL CRUDE LOGISTICS, LLC , individually and f/k/a The Gavilon Group and as s/i/i to ConAgra Trade Group, individually and as s/i/i to The Peavey Company,** a non-Louisiana business corporation, authorized to do and doing business in the State of Louisiana, with its principal business establishment in Louisiana in Baton Rouge, LA, which may be served through its Registered Agent: Corporation Service Company, Baton Rouge, LA 70802.

E. **CONAGRA BRANDS, INC., individually and as s/i/i to ConAgra Grocery Products Company, LLC, f/k/a ConAgra Grocery Products Company f/k/a Hunt-Wesson, Inc. f/k/a Beatrice/Hunt-Wesson, Inc. f/ka Beatrice Grocery Group, Inc. f/k/a Hunt-Wesson Foods, Inc.** a non-Louisiana business corporation, authorized to do and doing business in the State of Louisiana, with its principal business establishment in Louisiana in Baton Rouge, LA, which may be served through its Registered Agent: CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

F. **AMERICAN AUTOMOBILE INSURANCE COMPANY,** a foreign insurer licensed to do and doing business in Louisiana, a liability insurer **Godchaux Sugars,** Inc. and its Executive Officers Kippy Williamson, Walter Godchaux, Jr, Eddie Godchaux, John Godchaux, Herman Godchaux, Emile Godchaux, Charlie Godchaux, Leon Godchaux, Mr. Farland, Neil Champagne, William Fulham, H.A. Poley for liability as asserted herein, which is amenable to suit pursuant to the Louisiana Direct Action Statute 22:1269, through the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

G. **ASSOCIATED INDEMNITY CORPORATION,** a foreign insurer licensed to do and doing business in Louisiana, a liability insurer **Godchaux Sugars,** Inc. and it's Executive Officer.Officers Kippy Williamson, Walter Godchaux, Jr, Eddie Godchaux, John Godchaux, Herman Godchaux, Emile Godchaux, Charlie Godchaux, Leon Godchaux, Mr. Farland, Neil Champagne, William Fulham, H.A. Poley for liability as asserted herein, which is amenable to suit pursuant to the Louisiana Direct Action Statute 22:1269, through the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

H. **CGU INSURANCE COMPANY f/k/a General Accident Insurance Company of America f/k/a General Accident** a foreign insurer licensed to do and doing business in Louisiana, and at all times pertinent hereto a general liability carrier covering Godchaux Sugars, Inc. and its Executive Officers Kippy Williamson, Walter Godchaux, Jr, Eddie Godchaux, John Godchaux, Herman Godchaux, Emile Godchaux, Charlie Godchaux, Leon Godchaux, Mr. Farland, Neil Champagne, William Fulham, H.A. Poley Leon Godchaux, II for liability as asserted herein, which is amenable to suit pursuant to the Louisiana Direct Action Statute 22:1269, through the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

I. **UNITED STATES FIDELITY AND GUARANTY COMPANY** (hereinafter referred to as "USF&G"), as insurer for Eagle, Inc f/k/a Eagle

Asbestos & Packing Co., Inc. can be served through Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, LA 70809. (Service of process pursuant to the Direct-Action Statute La.R.S. 22:655.). This defendant is being sued as a liability insurer of Eagle, Inc.

4. Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because Defendant Taylor-Seidenbach is a domestic corporation licensed to do business in this State and has designated as its primary business office and/or primary place of business in Louisiana as Orleans Parish. Further, Defendant Godchaux-Henderson Sugar Co. was last domiciled in Orleans Parish.

5. Finally, Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because Defendant Eagle, Inc. is a domestic corporation licensed to do business in this State and has designated as its primary business office and/or primary place of business in Louisiana as Orleans Parish (1100 Poydras Street, New Orleans, Louisiana 70163).

6. This action is within the jurisdiction of the court and Orleans Parish is a proper venue pursuant to Louisiana Code of Civil Procedure article 73 because each of the defendants listed above contributed to Petitioner's exposure to asbestos and subsequent contraction of mesothelioma and therefore each is solidarily liable to Petitioners with each of its co-defendants, and defendants Eagle, Inc., f/k/a Eagle Asbestos & Packing Co., Inc. and Taylor-Seidenbach, Inc. and. are domiciled in Orleans Parish.

7. This action is within the jurisdiction of the court and Orleans Parish is a proper venue pursuant to Louisiana Code of Civil Procedure Article 74 because wrongful conduct occurred and/or resultant damages were sustained within Orleans Parish.

## BACKGROUND

8. Decedent, Sam Thomas, was exposed to asbestos in the following manners:

A. Household and/or secondary exposure from asbestos fibers brought home on the clothes and person of his father, Rueben Carter, from Sam Thomas' birth in 1950 and until he moved out of his family's home in approximately 1971, as a result of Rueben Carter's work as a laborer and motorman at **Godchaux Henderson Sugars Co., Inc (hereinafter referred to as** "Godchaux Sugar Refinery"). Mr. Rueben Carter worked with and/or was exposed to asbestos-containing products and equipment while employed as a motorman while inspecting equipment such as pumps, turbines, and boilers, at the Godchaux Sugar Refinery in/near Reserve, Louisiana. While Sam Thomas' father used, handled, and/or was in the vicinity of others using or handling asbestos

or asbestos-containing products at these facilities, dangerously high levels of asbestos fibers escaped into the ambient air of the workplace and contaminated his work clothes and subsequently the family home and Petitioner. Sam Thomas continued to sustain household or secondary exposure to asbestos brought home on his father's person after he moved out of his family's home in 1971 through regular visit with his family.

B. Sam Thomas also encountered direct exposures to asbestos from his own work as an operator, helper, maintenance worker and laborer for **CONAGRA BRANDS, INC. as successor in interest to the PEAVEY COMPANY and LAFARGE CONCRETE.** Mr. Thomas was exposed to asbestos at various sites in and around the State of Louisiana, including but not limited to: Lafarge Concrete and Peavey Grain Elevator, in Paulina, LA beginning in 1968 through 1980. Sam Thomas used, handled, and/or was in the vicinity of others using or handling asbestos or asbestos-containing products at these facilities and dangerously high levels of asbestos fibers escaped into the ambient air of the workplace and which Mr. Thomas inhaled which was a substantial contributing factor in his development of mesothelioma.

9. Before and during Sam Thomas' exposure period, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to, each of the facilities and/or individuals listed directly above in this Background Count, Sam Thomas was exposed to asbestos-containing products, equipment, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

10. When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

11. Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to Petitioner or Petitioner's father, of the health hazards inherent in the asbestos-containing products they were selling and/or using.

12. As a direct and proximate result of having inhaled, ingested or otherwise been exposed to asbestos as described directly above in this Background Count, Sam Thomas contracted malignant mesothelioma, an incurable and terminal cancer caused from asbestos exposure. Sam

Thomas' mesothelioma was diagnosed in or around October 7, 2020. Mr. Thomas passed away on January 14, 2021.

13. Because of the latency period between exposure to asbestos and the onset of malignant mesothelioma, and because of the active concealment by some defendants of the causes and effects of exposure to asbestos, the Petitioners have only recently discovered that Sam Thomas' injuries were caused by asbestos and not more than one year preceding this filing of this Petition for Damages.

14. Petitioners where unaware that Sam Thomas's mesothelioma was caused by his exposures to asbestos at the time of his diagnosis and even at the time of his death. It was only after Sam Thomas' death that petitioners became aware of the causal connection between Sam Thomas' mesothelioma and Sam Thomas' exposures to asbestos from his father's contaminated work clothes and his own direct work with asbestos containing materials.

15. In connection with Sam Thomas' and his father's work, Mr. Thomas was exposed to and inhaled or otherwise ingested significant quantities of asbestos, having neither knowledge nor reason to believe that asbestos was dangerous.

16. Petitioners disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Petitioners also disclaim any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government.

17. Petitioners disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave.

**NEGLIGENCE AND STRICT LIABILITUY ALLEGATIONS AGAINST ASBESTOS MANUFACTURERS /EQUIPMENT MANUFACTURERS/CONTRACTORS/SELLERS/ SUPPLIERS/ DISTRIBUTORS**

18. The Defendants were all manufacturers, sellers, users, distributors, contractors and/or suppliers of asbestos products or equipment utilizing asbestos products internally and externally, and were engaged in the business of using, manufacturing or facilitating the manufacture of asbestos products or equipment utilizing asbestos products internally and externally, or representing themselves as manufacturers of asbestos products, or were professional vendors of asbestos or asbestos-containing products, which were expected to and did reach, Sam

Thomas and his father, Rueben Carter.

19. The asbestos products and/or asbestos-containing equipment mined, manufactured, sold, distributed, supplied and/or used by these defendants negligently, recklessly, willfully and/or because of gross and wanton negligence or fault, failed to properly discharge their duties to Sam Thomas and his father, in the following manner:

a. lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

d. lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

e. failure of defendants tó inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

f. failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

g. failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

j. failure to recall these products mined, manufactured, sold, distributed and/or supplied;

k. failure to properly package these products so that they could be safely transported, handled, stored or disposed of;

l. failure to inform Sam Thomas or his father, Rueben Carter, of the need for adequate engineering or industrial hygiene measures to control the level of exposure to asbestos, including but not limited to local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, air monitoring, and procedures to prevent the transportation of asbestos fibers home on Sam Thomas and his father's clothing; and

m. failure to inform or warn Sam Thomas and his father, Rueben Carter, of the hazards of asbestos exposure;

20. The use of defendants' products and asbestos-containing equipment, negligently, recklessly, willfully and/or because of gross and wanton negligence or fault, as noted above, are a

proximate cause of Sam Thomas' injuries complained of herein.

21. Petitioner also alleges that each and every one of the foregoing defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Petitioner's injuries.

**NEGLIGENCE AND STRICT LIABILITY AGAINST THE EMPLOYER, EXECUTIVE OFFICERS AND PREMISE OWNER DEFENDANTS**

22. Sam Thomas was exposed to asbestos-containing products directly through his own work and via secondary exposure from his father, Rueben Carter. Sam Thomas' exposure to asbestos products occurred without fault on his part. Petitioners hereby alleges that Sam Thomas' employers and Rueben Carter's employers are liable for injuries, as alleged, arising out of the negligent conduct as detailed herein, and, in failing to provide a safe place in which to work free from the dangers of respirable asbestos-containing dust.

23. As a direct and proximate contributing result of having inhaled, ingested or otherwise having been exposed to asbestos, Sam Thomas received injuries, both physically and mentally, including, without limitation, all of the ramifications of malignant mesothelioma.

24. The employer/premise owner defendants negligently, recklessly, willfully and/or because of gross and wanton negligence or fault, failed to properly discharge their duties to Sam Thomas in the following manner:

a. failed to provide the Sam Thomas and Rueben Carter with a safe work environment;

b. failed to provide Sam Thomas and Rueben Carter with safety equipment;

c. failed to provide Sam Thomas and Rueben Carter with proper respirators which would prevent or reduce inhalation of dangerous levels of asbestos dust and fibers;

d. failed to have a written and adequate respiratory program;

e. failed to require employees to wear appropriate respiratory protective equipment when exposed to asbestos dust and fibers;

f. failed to warn or inform Sam Thomas and Rueben Carter regarding the dangers involved in inhaling asbestos dust and fibers and the protective measures to be followed to prevent or reduce exposures;

g. failed to provide adequate ventilation and implement proper administrative

and engineering controls to eliminate and/or reduce Sam Thomas and Rueben Carter's exposure to asbestos dust and fibers;

h. failed to conduct adequate air monitoring or dust sampling to detect asbestos in the air;

i. failed to isolate work activities involving the handling of asbestos, including but not limited to not wetting down asbestos when it was removed and/or handled;

j. negligently delegated safety responsibility to employees who lacked proper and sufficient training, education, experience, and expertise to properly discharge that duty, particularly with regard to the hazard of asbestos, and failed to adequately monitor how those safety officers discharged their duties;

k. took inadequate measures to protect the health and safety of its employees, including Sam Thomas and Rueben Carter;

l. failed to develop and implement an inadequate safety program with respect to the hazard of asbestos;

m. recklessly and negligently failed to disclose, warn or reveal critical medical and safety information to Sam Thomas and Rueben Carter regarding asbestos hazards in general and with regard to those specific hazards at the work site;

o. recklessly concealed and negligently omitted to reveal critical medical and safety information from Sam Thomas and Rueben Carter regarding the safety and health risks associated with the asbestos and asbestos-containing products at the worksites;

p. failed to timely remove asbestos hazards from the work place;

q. failed to properly supervise or monitor the work areas for compliance with safety regulations;

r. failed to provide a safe and suitable means of eliminating the amount of asbestos dust in the air; and

s. failed to provide the necessary facilities, practices and procedures that would lessen or eliminate the transfer of asbestos from the workplace to the

home on the clothing and/or person of Sam Thomas and Rueben Carter.

25. The above-described negligence, fault, and willful misconduct of these defendants were a proximate cause of the Petitioner's injuries.

26. At all times throughout Sam Thomas' and Rueben Carter's exposure to asbestos the employer/premise defendants knew that asbestos posed substantial health risks to those exposed to it, knew that there were specific engineering and industrial hygiene procedures which should have been employed to reduce exposures, knew that those exposed to asbestos on the job could bring home asbestos on their clothes and thereby injuriously expose those in the household, yet the employer/premise defendants consciously and intentionally chose not to inform Sam Thomas and Rueben Carter of this information or implement any meaningful safety precautions, all of which was a substantial contributing cause of Sam Thomas' injuries and death. Petitioner is not alleging that are liable for the mere use of asbestos; rather, they are liable for the misuse of asbestos including but not limited to the failure to warn of the hazardous nature and dangers of asbestos and for the failure to take and implement reasonable safety and industrial hygiene measures, failure to train, and failure to adopt procedures for the safe installation and removal of asbestos as set forth in the preceding paragraphs of this Count.

WHEREFORE, on the basis of all of the foregoing premises set out in paragraphs 1 through 26, Petitioners requests that defendants be served with this petition and that there be judgment against these defendants jointly, severally and in solido in a sum sufficient to compensate Petitioners for the following:

a. all past, present and future medical costs or expenses related thereto;

b. all past, present and future lost earnings;

c. all past, present and future mental suffering, anguish and pain sustained by Sam Thomas;

d. all past, present and future physical pain and suffering sustained by Sam Thomas;

e. loss of quality of life;

g. past, present, and future disability.

h. all other forms of relief or categories of damages allowed by Louisiana law for survival claims, with interest from the date of injury until paid, plus costs of these proceedings.

i. Petitioners also assert their individual claims for **all** damages recoverable under Louisiana law, which include, without limitation, damages available under Article 2315.2 of the Louisiana Civil Code and the following items: funeral expenses, loss of care, guidance and affection, mental pain, suffering, distress, and loss of society.

**WHEREFORE** Petitioners pray that after due proceedings had, there be judgment herein in favor of Petitioner and against the defendants as prayed for.

Respectfully Submitted,

**THE CHEEK LAW FIRM, LLC**

Lindsey A. Cheek, Bar No. 34484
650 Poydras Street, Suite 2310
New Orleans, LA 70130
Telephone: (504) 304-4333
Fax: (504) 324-0629
lcheek@thecheeklawfirm.com
asbestos@thecheeklawfirm.com

-AND-

**PHILIP C. HOFFMAN, LLC**
Philip C. Hoffman, Bar No. 32277
541 Julia Street, Suite 302
New Orleans, LA 70130
Telephone: (504) 822-6050
Fax: (504) 313-3911
phil@pchlawfirm.com

-AND-

**MARTZELL, BICKFORD & CENTOLA**
Spencer R. Doody, Bar No. 27795
Scott R. Bickford, Bar No. 1165)
Larry J. Centola, III, Bar No. 27402
338 Lafayette Street
New Orleans, LA 70130
Telephone: (504) 581-9065
Fax: (504) 581-7635
sdoody@mbfirm.com

**COUNSEL FOR PETITIONERS**

**SERVICE INSTRUCTIONS**

**PLEASE SERVE THE FOLLOWING DEFENDANTS WITH THIS ORIGINAL PETITION FOR DAMAGES**

1. **EAGLE INC.**
Through its Registered Agent:
Susan B. Kohn
1100 Poydras Street., 30th Floor
New Orleans, LA 70163

2. **TAYLOR-SEIDENBACH, INC.**
Through its Registered Agent:
Robert I. Shepard
731 South Scott Street
New Orleans, LA 70119

3. **UNION CARBIDE CORPORATION**
Through its Agent for Service:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

4. **GODCHAUX-HENDERSON SUGAR CO, INC. an inactive Louisiana corporation domiciled serve at the last domiciled**
601 Poydras Street
New Orleans, LA 70130.

5. **LAFARGE CONCRETE LOUISIANA**
Through its Agent
Lattimore Materials Corp.
6211 Ann Arbor Blvd.
Dundee, MI 48131

6. **NGL CRUDE LOGISTICS, LLC , individually and f/k/a The Gavilon Group and as s/i/i to ConAgra Trade Group, individually and as s/i/i to The Peavey Company,** a non-Louisiana business corporation, authorized to do and doing business in the State of Louisiana, with its principal business establishment in Louisiana in Baton Rouge, LA,
which may be served through its Registered Agent:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

7. **CONAGRA BRANDS, INC., individually and as s/i/i to ConAgra Grocery Products Company, LLC, f/k/a ConAgra Grocery Products Company f/k/a Hunt-Wesson, Inc. f/k/a Beatrice/Hunt-Wesson, Inc. f/ka Beatrice Grocery Group, Inc. f/k/a Hunt-Wesson Foods, Inc.** a non-Louisiana business corporation, authorized to do and doing business in the State of Louisiana, with its principal business establishment in Louisiana in Baton Rouge, LA,
which may be served through its Registered Agent:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

8. **AMERICAN AUTOMOBILE INSURANCE COMPANY,** a foreign insurer licensed to do and doing business in Louisiana, a liability insurer **Godchaux Sugars,** Inc. and its Executive Officers Kippy Williamson (ran the plant), Walter Godchaux, Jr, Eddie Godchaux, John Godchaux, Herman Godchaux, Emile Godchaux, Charlie Godchaux, Leon Godchaux, Mr. Farland, Neil Champagne, William Fulham, H.A. Poley for liability as asserted herein, which is amenable to suit pursuant to the Louisiana Direct Action Statute 22:1269
Through Louisiana Secretary of State
8585 Archives Avenue

Baton Rouge, LA 70809

9. **ASSOCIATED INDEMNITY CORPORATION,** a foreign insurer licensed to do and doing business in Louisiana, a liability insurer **Godchaux Sugars,** Inc. and it's Executive Officer Officers Kippy Williamson (ran the plant), Walter Godchaux, Jr, Eddie Godchaux, John Godchaux, Herman Godchaux, Emile Godchaux, Charlie Godchaux, Leon Godchaux, Mr. Farland, Neil Champagne, William Fulham, H.A. Poley for liability as asserted herein, which is amenable to suit pursuant to the Louisiana Direct Action Statute 22:1269
Through Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

10. **CGU INSURANCE COMPANY f/k/a General Accident Insurance Company of America f/k/a General Accident** a foreign insurer licensed to do and doing business in Louisiana, and at all times pertinent hereto a general liability carrier covering Godchaux Sugars, Inc. and its Executive Officers Kippy Williamson (ran the plant), Walter Godchaux, Jr, Eddie Godchaux, John Godchaux, Herman Godchaux, Emile Godchaux, Charlie Godchaux, Leon Godchaux, Mr. Farland, Neil Champagne, William Fulham, H.A. Poley Leon Godchaux, II for liability as asserted herein, which is amenable to suit pursuant to the Louisiana Direct Action Statute 22:1269
Through Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

11. **UNITED STATES FIDELITY AND GUARANTY COMPANY** (hereinafter referred to as "USF&G"), as insurer for Eagle, Inc f/k/a Eagle Asbestos & Packing Co., Inc. can be served (Service of process pursuant to the Direct-Action Statute La.R.S. 22:655.). This defendant is being sued as a liability insurer of Eagle, Inc.
Through Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809